IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| SCOTIABANK DE PUERTO RICO,<br><br>    Appellant,<br><br>            v.<br><br>SAMUEL A. FIGUEROA MARTINEZ,<br><br>    Appellee. | CIVIL NO. 15-2161 (JAG) |

## OPINION & ORDER

GARCIA-GREGORY, D.J.

Before the Court stands Appellant Scotiabank de Puerto Rico's ("Scotiabank" or "Appellant") appeal from the bankruptcy court's Order denying Scotiabank's request for post-petition payment of interest and other costs, as well as the court's denial of Scotiabank's Motion for Reconsideration. Scotiabank filed a brief in support of its position. Docket No. 8. Appellee Samuel A. Figueroa Martinez ("Debtor") timely responded with his own brief. Docket No. 14. For the reasons set forth, the Court AFFIRMS the bankruptcy court's decision.

## BACKGROUND[1]

This bankruptcy case was commenced by Debtor on August 23, 2013. On March 24, 2014 Debtor filed a Proposed Plan of Reorganization with a corresponding Disclosure Statement. The Proposed Plan included two mortgages owed to Scotiabank on properties owned by Debtor,

---

[1] This background is derived from Appellant's Appendix, which is filed at Docket No. 10, and includes its ten attachments.

namely the Caparra property and the Metropolis property. Debtor's Disclosure Statement was approved on June 24, 2014. On August 29, 2014, the bankruptcy court held a hearing on the confirmation of Debtor's plan, and on September 9, 2014, the court confirmed the plan.

Following the Plan's confirmation, Scotiabank filed a motion requesting payment of post-petition interest and other costs. Scotiabank's motion was not very clear as to the legal basis under which it was requesting these payments. Scotiabank titled its motion as "Motion Requesting Payment of Interest and other Costs as Expenses of Administration," seemingly indicating that it was seeking administrative expenses under 11 U.S.C. § 503. However, at the end of the motion, it states "[t]his request is filed under the provisions of 11 U.S.C. § 506(b)." The bankruptcy court held a hearing on April 17, 2015, and denied Scotiabank's motion (the "Order"). Scotiabank filed a Motion for Reconsideration, in which, *inter alia*, it argued that its original request should have been considered under § 506(b). On August 3, 2016, the bankruptcy court issued an Opinion and Order denying Scotiabank's Motion for Reconsideration (the "Reconsideration Order"). Scotiabank now appeals the Order and the Reconsideration Order.

## STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from bankruptcy court "final judgments, orders and decrees." 28 U.S.C. § 158 (a)(1). On appeal, the Court must apply a "clearly erroneous" review standard to the lower court's factual findings, and a de novo review standard to the lower court's legal conclusions. *See Palmacci v. Umpiérrez*, 121 F.3d 781, 785 (1st Cir. 1997).

"Absent either a mistake of law or an abuse of discretion, the bankruptcy court ruling must stand." *Picciotto v. Salem Suede, Inc. (In re Salem Suede, Inc.)*, 268 F.3d 42, 44 (1st Cir. 2001). An abuse of discretion can occur when the bankruptcy court ignores "a material factor that deserves

significant weight, [relies] on an improper factor, or, even if it [considers] only the proper mix of factors, by making a serious mistake in judgment." *Id.*

## ANALYSIS

In its appeal, Scotiabank asks this Court to vacate the Order and the Reconsideration Order for essentially the same arguments it pursued in its Motion for Reconsideration. First, Scotiabank argues that the bankruptcy court erred in applying the law in denying Scotiabank's request for payment of interest and other costs. Second, Scotiabank argues that the bankruptcy court committed clear error in finding that Scotiabank failed to establish that there was equity in Scotiabank's collateral. The Court holds that Scotiabank's first argument is waived, as it makes no effort to substantiate its contention. The Court also holds that the bankruptcy court did not commit error, much less clear error, in finding that Scotiabank failed to prove its claims were over-secured.

A.  The Bankruptcy Court's Legal Basis for Denying Scotiabank's Request for Payment of Interest and Other Costs

Scotiabank first argues that the bankruptcy court erred in applying the law in denying Scotiabank's request for payment of interest and other costs under 11 U.S.C. § 506(b). Docket No. 8 at 6-9. The Court holds that Scotiabank has waived this argument, as it has made no attempt to adequately support it. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Id.* "Judges are not expected to be mindreaders. Consequently, a litigant has an

obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (internal quotation marks omitted).

Scotiabank's argument on this point consists of: 1) a block quote reciting the language of 11 U.S.C. § 506(b), (c); 2) a general statement inviting the Court to read cases that presumably deal with a general "right to recover" ("With respect to the right to recover see [cites three cases without any attempt at explanation or guidance]"); 3) a conclusory statement that the bankruptcy court "erroneously interpreted the [l]aw as [11 U.S.C. § 503] is not applicable and [§506(b)] is applicable under the circumstances"; and 4) a generic request for *de novo* review of the bankruptcy court's conclusions of law. Docket No. 8 at 6-9.

The Court is at a loss in understanding Scotiabank's § 506(b) argument or where to begin to evaluate it. The Court gathers that Scotiabank contends that the bankruptcy court should have applied § 506(b) instead of § 503 to Scotiabank's request for payment of interest. However, Scotiabank makes no attempt to analyze the contents of either of these statutes or to explain to the Court their applicability or non-applicability to Scotiabank's particular request. Neither does Scotiabank provide any scintilla of support, through reasoned argumentation or citation, for its contention. Scotiabank also declines to provide specific citations to the record to substantiate its characterization of the bankruptcy court's analysis.[2] Moreover, even if this Court were to agree with Scotiabank that the bankruptcy court applied the wrong statute, Scotiabank again provides zero guidance as to how this would lead to a different result as to its request for interests and other costs.

In essence, the Court is left to guess why Scotiabank contends the bankruptcy court applied the wrong statute, and to blindly search the record and the relevant jurisprudence for

---

[2] A cursory review of the record seems to indicate that, contrary to Scotiabank's characterization, the bankruptcy court did in fact extensively evaluate Scotiabank's request under § 506(b) in its Reconsideration Order. *See* Docket No. 10-10 at 432-439.

any support for Scotiabank's argument. Given Scotiabank's lack of substance or reasoned argumentation on this point, any attempt by the Court to enter the merits of Scotiabank's argument would be helplessly futile. As the First Circuit has said, "Judges are not expected to be mindreaders," *Rivera-Gomez*, 843 F.2d at 635, nor may a party expect "the court to do counsel's work, create the ossatur for the argument, and put flesh on its bones," *Zannino*, 895 F.2d at 17. Scotiabank is asking this Court to do just this. Therefore, Scotiabank's argument in this section is waived.

B.   The Bankruptcy Court's Finding that Scotiabank Failed to Prove Equity in the Collateral

Scotiabank further argues that the bankruptcy court committed clear error in finding that Scotiabank failed to establish that there was equity in Scotiabank's collateral. Docket No. 8 at 9-12. The Court disagrees.[3] Under § 506(b), a creditor whose claim is over-secured—also known as having equity in the collateral—is entitled to post-petition interest. A creditor seeking post-petition interest has the burden of proving by a preponderance of the evidence that the claim is over-secured. *See In re SW Boston Hotel Venture, LLC*, 748 F.3d 393, 408 (1st Cir. 2014). Thus, in this case, the burden was on Scotiabank to prove its claims were over-secured.

In addition, both parties agree that this is a factual issue and thus this Court reviews under a clearly erroneous standard. *In re Watson*, 309 B.R. 652, 658 (B.A.P. 1st Cir. 2004), *aff'd*, 403 F.3d 1 (1st Cir. 2005). "[A] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

---

[3] The Court believes that this argument is also waived, as once again Scotiabank puts forth no legal support for its argument, and relies on vague generalities to ask this Court to reverse the bankruptcy court's finding. For example, rather than providing specific citations to evidence in the record, Scotiabank makes the grand assertion that "[b]ased on the totality of the record and the Appendix which is extensive this Court can determine that there never was an issue as to the valuation of the collateral and to the fact there was equity." Docket No. 8 at 10. Scotiabank once again asks this Court to embark on a blind expedition to sift through the admittedly "extensive" record in hopes that the Court will find something to support Scotiabank's argument. The Court reiterates that it is not the Court's responsibility to do counsel's work for him. *See Zannino*, 895 F.2d at 17. However, in an abundance of caution, and because Scotiabank does allude to one piece of evidence to support its contention—Debtor's Disclosure Statement—the Court proceeds to consider the merits of this argument.

conviction that a mistake has been committed." *In re Watson*, 309 B.R. 652, 658 (B.A.P. 1st Cir. 2004), *aff'd*, 403 F.3d 1 (1st Cir. 2005).

This Court cannot determine that the bankruptcy court committed error, much less clear error, in finding that Scotiabank had failed to prove it was over-secured. The only evidence that Scotiabank points to in the record to support its contention is the Debtor's original Disclosure Statement, which does show that Scotiabank's claims were over-secured. *See* Docket No. 10-3 at 70. In particular, it shows that the Metropolis property was valued at $162,000 with an estimated debt of $148,854.24, and the Caparra Property was valued at $125,000 with an estimated debt of $65,178.75. *Id.*

However, as the bankruptcy court correctly concluded, *see* Docket No. 10-10 at 436-38, this was not enough to prove that Scotiabank's claims were over-secured. As the lower court stated:

> Nevertheless, First Circuit precedent and the statute require that values need to be substantiated by evidence. *SW Boston Hotel*, 748 F. 3d at 409 (finding that bankruptcy court was correct in not relying on schedules because they were based on book values that were not substantiated by evidence); *see also* 11 U.S.C §506(a). In this case, the record is unclear as to whether those values were estimates or an accurate market value, and Scotiabank has not presented the necessary evidence to substantiate that those values are an accurate market value of the asset. Therefore, the property valuations in the schedules are not binding for purposes of section 506(b). *SW Boston Hotel*, 748 F.3d at 411.

Docket No. 10-10 at 437. Scotiabank provides no reasons for this Court to question the above analysis, and upon review, the Court agrees with this analysis.

Moreover, the timing and purpose of debtor's disclosure statement gives further support to the fact that Scotiabank could not rely solely on the disclosure statement to prove it had equity. The First Circuit has held that "a valuation made for one purpose at one point in a bankruptcy proceeding has no binding effect on valuations performed for other purposes at

other points in the proceeding." *SW Boston Hotel*, 748 F.3d at 411. The assets and liabilities contained in Debtor's Disclosure Statement were calculated at the time of the petition date, which is August 23, 2013. Docket No. 10-3 at 69-70. Scotiabank's Motion for post-petition interest was filed on September 15, 2014, Docket No. 10-8 at 295-98, and a hearing was held on April 17, 2015, Docket No. 10-9 at 359. It is likely that the value of the properties would have changed from August 23, 2013 to April 17, 2015. Thus, the valuations in Debtor's Disclosure Statement had no binding effect in determining Scotiabank's Motion for post-petition interest nearly two years later.

Thus, after review, the Court does not find that the bankruptcy court committed clear error in finding that Scotiabank failed to establish that there was equity in Scotiabank's collateral.

## CONCLUSION

In light of the foregoing, the Court hereby AFFIRMS the bankruptcy court's decision.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September, 2016.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge